UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BURTON HUTCHINGS, | : | |
| Plaintiff, | : | Civil No. 3:01CV540 (CFD) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | NOVEMBER 4, 2003 |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to the Order of this Court entered on October 6, 2003, the Defendant, United States of America, through its undersigned counsel, hereby respectfully submits this supplemental memorandum in further support of its motion for summary judgment in the above-captioned action. This memorandum will clarify the defendant's motion for summary judgment in light of the plaintiff's responses to its Requests for Admission, which were submitted after the filing of the defendant's motion.[1]

I.   Procedural Background

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Plaintiff, Burton Hutchings, is suing the government for medical malpractice which he claims occurred in connection with his treatment rendered at the Veterans Administration Connecticut Healthcare System. On March 17, 2003, defendant filed a timely motion for summary judgment. In its Local Rule 56(a)(1) Statement, defendant

NO ORAL ARGUMENT IS REQUESTED

---

[1] This memorandum is supplemental to, and not in substitution of, the defendant's Memorandum in Support of Motion for Summary Judgment dated March 17, 2003.

relied in part upon facts deemed admitted pursuant to Rule 36(a), Fed. R. Civ. P., because of plaintiff's failure to respond to defendant's requests for admission. Thereafter, plaintiff sought and was granted the opportunity to make a late response to those requests for admission. Plaintiff has responded to the requests, and has denied several of them. However, plaintiff's denials do not deprive the defendant of its entitlement to summary judgment in this case.

II.   <u>Factual Background</u>

The defendant has submitted an Amended Statement of Material Facts Not in Dispute in accordance with Rule 56(a)(1) of the Local Rules of Civil Procedure, as well as documentary evidence, which are wholly incorporated by reference herein.

III.   <u>Argument: Summary Judgment as to all of Plaintiff's Claims is Still Appropriate in Spite of the Plaintiff's Denials</u>

Even though the plaintiff has now denied some of the defendant's requests for admission, the defendant's statement of facts has not changed. The facts set forth by defendant as undisputed are supported with reference to the VA medical records reflecting plaintiff's care. Plaintiff's denial of facts which have clear support in the record, in the absence of contrary evidence, is not sufficient to create genuine issues of material fact.

As this Court has recently noted, "[s]ummary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." <u>Duncan v. Town of Brookfield</u>, No. Civ.3:98CV01919 (AWT), 2003 WL 22119179, at *3 (D. Conn. Aug. 22, 2003). The Court further stated:

> An issue is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson [v. Liberty Lobby, Inc.]</u>, 477 U.S. [242,] 248 . . . A material fact is one that would "affect the outcome of the suit under the governing law." <u>Id.</u> As the Court observed in <u>Anderson</u>: "[T]he materiality determination rests on the substantive law, [and] it is the substantive

> law's identification of which facts are critical and which facts are irrelevant that governs." Id. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir.1990).

Duncan, 2003 WL 22119179, at *3.

Defendant has presented the Court with evidence that there is no genuine issue of material fact in dispute in this case. In order to prevail upon his claim of medical malpractice against the VA, plaintiff is required by law to provide an expert medical opinion, to a reasonable degree of medical probability, which supports the claim of malpractice. See Defendant's Memorandum dated March 17, 2003, at 6, and cases cited therein. As defendant has argued, plaintiff has failed to offer an expert opinion which supports his claim that the VA deviated from the standard of care in its treatment of the Plaintiff. There is no dispute that the VA performed a rectal examination in February of 1998 with normal results. There is no dispute that plaintiff's cancer was diagnosed in early 2000. There is no dispute that plaintiff's expert, Dr. Serpick, does not make any finding that the VA failed to perform a rectal examination in 1998, nor does he opine that the failure to perform a rectal examination in January of 2000 represented a deviation of the standard of care. There is no dispute that the VA did not treat the plaintiff at any time in 1999. And there can be no dispute that Dr. Serpick's only finding of medical malpractice on the part of the VA is based entirely upon the mistaken assumption that the VA was treating the plaintiff in 1999 and failed to perform examinations during that year.

Plaintiff has attempted to avoid summary judgment by denying certain of the defendant's facts. In his late-filed responses to defendant's requests for admission, plaintiff challenges the defendant's assertion that plaintiff underwent a physical examination at the VA in February of 1998 in connection with his admission for alcohol

detoxification, with a finding of no abnormalities in the examination of his rectum or prostate, by denying "that a complete physical examination was conducted". See Plaintiff's Response to Defendant's Request for Admission Number 21 (a), attached as Exhibit C to Defendant's Amended Local Rule 56(a)(1) Statement. Plaintiff also argues that a complete examination was not conducted, in response to the defendant's assertions that plaintiff underwent a physical examination at the VA on January 3, 2000 in connection with his admission for alcohol detoxification, that the note for this examination indicates that plaintiff's genitalia and rectal area were not tested, and that plaintiff was to be referred to primary care clinic for follow up on the treatment of his medical problems. See Exhibit C, Number 21 (c). However, there is neither a genuine issue nor a material fact in connection with whether the VA performed "complete" physical examinations of the plaintiff in 1998 or 2000. Plaintiff's own expert has stated that it was the VA's failure to examine the plaintiff in <u>1999</u> that constituted malpractice. Therefore, the factual disputes created by plaintiff's denials in connection with earlier and later treatment cannot defeat summary judgment.

    Further, plaintiff's denials of defendant's facts are conclusory and without evidentiary support. "[M]ere conclusory allegations or denials in legal memoranda . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." <u>Fletcher v. Atex, Inc.</u>, 68 F.3d 1451, 1456 (2d Cir. 1995) (quoting <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir.1980)(internal citation omitted)). As the non-movant, plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Soares v. University of New Haven</u>, 154 F. Supp. 2d 365, 372 (D. Conn. 2001) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)). Rather, the plaintiff must "come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely . . . on the basis of conjecture or

surmise." <u>Soares</u>, 154 F.Supp.2d at 372 (quoting <u>Trans Sport v. Starter Sportswear</u>, 964 F.2d 186, 188 (2d Cir.1992) and citing <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9, 11 (2d Cir.1986)). "The possibility that a material issue of fact may exist does not suffice to defeat the motion; upon being confronted with a motion for summary judgment the party opposing it must set forth arguments or facts to indicate that a genuine issue--not merely one that is colorable--of material fact is present." <u>Soares</u>, 154 F.Supp.2d at 372 (quoting <u>Gibson v. American Broadcasting Cos.</u>, 892 F.2d 1128, 1132 (2d Cir.1989)).

Here, the plaintiff has presented the report of his one medical expert, and that report clearly reflects an opinion that the VA's alleged malpractice was in failing to perform examinations of the plaintiff in 1999. Because the plaintiff did not present for treatment in 1999, the VA could not have breached any duty to him. His denials of defendant's Requests for Admission do not establish genuine issues of material fact, or remedy his failure to substantiate his claim of medical malpractice against the VA.

IV.   <u>Conclusion</u>

For the foregoing reasons and the reasons set forth in its previous submissions, the Defendant, United States of America, respectfully requests that this Court enter summary judgment in its favor.

Respectfully submitted,

DEFENDANT, UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FED. BAR # ct01705
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment was mailed, postage prepaid, on this 4th day of November, 2003, to:

Ralph J. Monaco, Esq.
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT  06320

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY