

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BURTON HUTCHINGS | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:01 - CV - 0540 (CFD) |
| vs. | : |
| UNITED STATES OF AMERICA, | : JANUARY 5, 2003 |
| Defendant. | : |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, the Plaintiff, Burton Hutchings, respectfully submits this supplemental memorandum of law in further opposition to the Defendant United States of America's Motion for Summary Judgment, Supplemental Memorandum of Law, and Amended Rule 56(a)(1) Statement. For the reasons set forth in his previous memorandum, as supplemented below, summary judgment is completely inappropriate in this case.

Genuine issues of material fact exist regarding (1) the prevailing standard of care; (2) whether the Defendant's evaluation and treatment of the Plaintiff between 1998 and 2000 deviated from that standard; and (3) causation. The answer to these questions, in turn, depend upon the resolution of complex medical issues involving the application of generally accepted clinical practices, and the interpretation and

application of American Cancer Society Guidelines and the VA's own Guidelines (both of which relate to the diagnosis and treatment of prostate cancer). Indeed, the parties disclosed experts have offered contradictory opinions regarding the central issue of whether the VA committed malpractice in its assessment, diagnosis and treatment of the Plaintiff. These are simply not issues that can be disposed of by way of summary adjudication, especially in light of the factual record existing here.

I. **BACKGROUND**

Plaintiff incorporates the case background, arguments and authorities presented in its Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. In addition, the Plaintiff submits herewith an Amended Local Rule 56 (a)(2) Statement in response to the Defendant's Amended Rule 56 (a)(1) Statement, the contents of which are also incorporated herein by reference.

Initially, it should be noted that the Defendant's motion and original supporting papers were based primarily upon a recital of selected, self-serving portions of the medical records pertaining to Defendant's evaluation, diagnosis and treatment of the Plaintiff. The Defendant also relied heavily upon purported "admissions of fact" by Plaintiff. Since filing the initial motion, the Plaintiff was granted permission by this Court to respond to the Defendant's Requests for Admissions. The Plaintiff has done so, denying several key statements of "fact". See Plaintiff's Answers to Defendant's Requests for Admissions, attached to Defendant's Amended Rule 56 (a)(1) Statement

2

as Exhibit "C". Curiously, with the Plaintiff now contesting several of the purported "facts" (entries in medical records) previously offered by the Defendant in support of its motion, the Defendant now takes the position that the Plaintiff's <u>denials</u> are somehow "immaterial" or "minor", and are insufficient to demonstrate a genuine issue of material fact. The Defendant's invitation to cast aside the denials -- after arguing that the previous <u>admissions</u> were somehow fatal to the Plaintiff's case -- is not credible.

The only other ground for Defendant's motion is its strained mischaracterization of the Plaintiff's expert's written report. <u>See</u> a copy of Dr. Serpick's report, dated September 5, 2001, attached to Plaintiff's Amended Local Rule 56 (a)(1) Statement as Exhibit A.[1] The Defendant unilaterally declares (despite never having deposed Dr. Serpick) that no breach by the VA can be found as a matter of law based upon its distorted interpretation of his report. The Defendant construction is baseless and does not provide any basis for the entry of summary judgment in this case.

**II.     ARGUMENT**

Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, interrogatories and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>Anderson v. Liberty Lobby,</u> 447 U.S. 242, 247-48 (1986). When ruling on a summary

---

[1] All references to exhibits refer to documents attached to Plaintiff's Amended Local Rule 56 (a)(2) Statement, filed simultaneously herewith.

3

judgment motion, the court must construe the facts in the light most favorable to the plaintiff and must resolve all ambiguities and draw all reasonable inferences against the moving party. Id. at 255.

A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (internal quotation marks omitted) (quoting Liberty Lobby, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). Contrary to Defendant's suggestions, in ruling on a motion for summary judgment, the Court must resolve "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523; see e.g., Liberty Lobby, supra; United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam); Balderman v. United States Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989); Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989). This principle similarly applies to factual assertions contained within exhibits submitted by the parties. See Liberty Lobby, supra. "[O]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc. 953 F.2d 780, 788 (2d Cir. 1992); Brady v. Town of Colchester, 863 F.2d 205 (2d Cir. 1988)("If, as to the issue on which summary judgment is sought, there is any

4

evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper.")

At the outset, it should be noted that Defendant's statement of the parties' respective obligations on a motion for summary judgment is confused. The suggestion that the <u>Plaintiff</u>, as the nonmoving party, must establish the elements of its case in response to the filing of a motion for summary judgment is patently incorrect. In fact, the case law is legion in support of the opposite proposition -- that the <u>moving party</u> has the initial burden of establishing the nonexistence of any material fact necessary for the Plaintiff's to recover on his claim. The moving party meets this initial burden of proof by making a " 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Only then does the burden shift to the nonmoving party to "make a showing sufficient to establish the existence of [the challenged] element essential to [his] case." <u>Id.</u> at 322. Defendant's role reversal aside, there exists ample evidence in this case from which the finder of fact could reasonably find that the VA committed malpractice in its evaluation, diagnosis and treatment of the Plaintiff.

Subsequent to the filing of the present motion, the Plaintiff was granted permission to file responses to Defendant's Requests for Admissions. The Plaintiff recently denied several of the key requests, including (1) portions of the medical records and reports related to his alcohol dependency; (2) portions of the medical records and

5

reports related to physical examinations during his treatment by Defendant (it is undisputed that a full physical examination was not performed until the Connecticut VA did so in <u>February, 2000</u>); (3) that he was discharged from alcohol treatment programs for "unexcused absences"; and (4) that he was ever properly advised of the risks and dangers of prostate cancer given his complaints and symptomalogy. <u>See</u> Plaintiff's Answers to Defendant's Requests for Admissions, attached to Defendant's Amended Rule 56 (a)1 Statement as Exhibit "C", at 3, 7, 9, 14, 21. As such, these "facts" are no longer deemed "admitted" for purposes of this motion and can only be regarded as "disputed" in the present context. The Defendant has offered no credible evidence to the contrary nor has it challenged the bases for these denials. Indeed, the Defendant has submitted no affidavits or additional evidence in support of any of the hearsay "statements" contained in the medical records.

From its defective recitation of admitted "facts", the Defendant next argues that Dr. Serpick's report must be incorrect because it is based on these "facts." Even assuming that the distorted recitation of the record were accurate, a fair and unbiased reading of Dr. Serpick's report clearly supports the Plaintiff's claims here. Dr. Serpick, a board-certified oncologist, states that In February and again in December, 1998, the Defendant failed to perform a PSA examination on the Plaintiff. Exhibit A, first paragraph. The medical records amply support this assertion, and the Defendant does not dispute same. Next, the report states that "[Plaintiff] did not have a subsequent

digital rectal examination throughout 1999. A subsequent digital rectal examination two years later [February, 2000] showed an abnormal prostate exam and a high PSA." Id., second paragraph.  Dr. Serpick observes that "The American Cancer Society Guidelines would call for an <u>annual</u> digital rectal examination, and at that time, the VA Guidelines did call for PSA and sigmoidoscopy as well." Id. (emphasis added). The Defendant does not dispute these facts. The report concludes:

> Had an examination been performed a year earlier, I feel that there would most likely have been a T1 to T2 prostate carcinoma with a 75% five year survival after undergoing radiation therapy or surgery. Failure to perform <u>these interventions</u> resulted in the patient's cancer being far more advanced at the time of his diagnosis with resultant decrease in the chance for cure and a significant lowering of his survival rate.

Id.   The Defendant does not even acknowledge that "<u>these interventions</u>" would necessarily include a proper and complete physical examination and PSA testing in February, 1998, during his initial dates of evaluation and treatment, and in December, 1998. These tests and examinations were never performed, nor were they even ordered for the Plaintiff.  Shrewdly, the Defendant wholly ignores these undisputed facts in an attempt to telescope this Court's review of the record on its intentional misreading of Dr. Serpick's report. The report simply cannot be read so narrowly.

A reasonable interpretation of the language contained in the report, considered fairly and in a light most favorable to the Plaintiff, would support the claim of medical

7

malpractice resulting from the Defendant's deviations from the standard of care (and its own treatment policies and guidelines) in 1998. Accordingly, the Defendant's tenacious reliance on Dr. Serpick's presumed reference to 1999 ignores his additional references to the Plaintiff's evaluation and treatment in 1998, and his use of the term "these interventions" later in the report. Even assuming the Defendant's hypertechnical construction of the report were defensible (without the further clarification that a deposition might provide), its argument must fail.

It is undisputed that the VA never performed a PSA test on the Plaintiff in 1998, despite having several opportunities to do so. Further, although a DRE was performed on the Plaintiff in February, 1998, the Plaintiff denies that the VA performed a full physical examination on him at that time, and the medical records support this denial. See Plaintiff's Responses to Defendant's Requests for Admissions, attached to Defendant's Supp. Memo as Exhibit C. Similarly, the Plaintiff denies that the VA performed a full physical examination of him in January, 2000.

The Defendant's motion for summary judgment, at its core, is based upon rank speculation, hearsay contained in the medical records, and a deliberate misreading of the expert report of Plaintiff's expert, Dr. Serpick. The Defendant has failed to make any credible "showing" demonstrating an absence of a material fact necessary for the Plaintiff's prima facie case of medical malpractice. This is especially true where Defendant has yet to take Dr. Serpick's deposition, has never explored his opinions and

conclusions, the factual basis supporting his written report, and the authorities and methodology he relied upon in arriving there.

It is undisputed that guidelines established by the American Cancer Society call for a DRE and PSA screening for all individuals 50 years of age or older. The Plaintiff was fifty years of age in 1998. The Plaintiff anticipates that Dr. Serpick will testify regarding the VA medical staff's deviation from its own polices and guidelines, all of which, had they been followed, would have disclosed the Plaintiff's prostate cancer at least a year earlier than when it was detected. The VA's repeated failures to perform a DRE or PSA testing in 1998 and, subsequently, in January 2000, resulted in a statistically significant reduction in the Plaintiff's chance for long-term survival. See Dr. Serpick's Report.

### III. CONCLUSION

The Defendant's Motion for Summary Judgment should be denied for a host of reasons, legal and factual. Where disputed facts exist as in this case, and where the ultimate issue of malpractice involves mixed questions of fact and law, summary judgment is inappropriate except in the clearest cases. Summary judgment is improper where the parties' medical experts have reached contradictory conclusions based upon the available evidence, and have offered differing opinions concerning pivotal issues in the case, namely the prevailing standard of care, breach and causation. Accordingly, the Defendant's Motion for Summary Judgment should be denied.

THE PLAINTIFF

By: _____
Ralph J. Monaco, Esq.
CT-13306
Patrick J. Day, Esq.
CT-21858
Of Conway & Londregan, P.C.
38 Huntington St., P.O. Box 1351
New London, CT 06320-1351
860-447-3171 / FAX 860-444-6103
His Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record this 5th day of January, 2004:

Attorney Lauren Nash
Office of the U.S. Attorney
Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, CT 06508

_____
Patrick J. Day, Esq.