UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BURTON HUTCHINGS,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

Civil Action No.
3:01 CV 540(CFD)

FILED
2004 APR 15 P 2: 46
U.S. DISTRICT COURT
HARTFORD, CT.

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Burton Hutchings ("Hutchings") brought this action against the United States of America alleging medical malpractice under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Specifically, Hutchings claims that on occasions when he was examined and treated by medical staff of the U.S. Department of Veteran Affairs, they negligently failed to perform prostate examinations on him, and that as a result, when Hutchings was subsequently diagnosed with prostate cancer, his cancer was far more advanced at the time of his diagnosis, with a resultant decrease in the chance for a complete cure, a significantly lower survival rate, and a far more difficult course of treatment. The United States has filed a motion for summary judgment [Doc. #24].

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999

1

F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted). In ruling on a motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

The Court concludes that genuine issues of material fact exist as to whether VA practitioners deviated from the standard of care when they failed to perform prostate examinations on Hutchings. Specifically, genuine issues of material fact exist including (1) whether Dr. Prasad deviated from the standard of care on December 1, 1998 when she failed to perform a digital rectal examination; (2) whether Dr. Prasad deviated from the standard of care on December 1, 1998 when she failed to perform a PSA examination; and (3) whether Dr. Prasad adequately advised Hutchings on December 1, 1998.

Accordingly, the defendant's motion for summary judgment [Doc. #24] is DENIED.

SO ORDERED this 15th day of April 2004 at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

2