UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BURTON HUTCHINGS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 3:01CV540 (CFD) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | March 8, 2007 |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendant, United States of America, hereby respectfully submits this memorandum in support of its motion to dismiss the complaint in the above-captioned case. Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, plaintiff was required to file a motion to substitute a successor to the plaintiff-decedent within 90 days of the suggestion of death. Plaintiff failed to file the motion to substitute within the prescribed period, and this complaint should be dismissed.

I.      Relevant Procedural Background

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Plaintiff, Burton Hutchings, brought this suit against the government for medical malpractice which he claimed occurred in connection with his treatment rendered at the Veterans Administration Connecticut Healthcare System. Specifically, Plaintiff claims that in 1998 and 2000, on occasions when he was admitted for problems related to alcohol dependency, VA practitioners negligently failed to perform prostate examinations on him. Plaintiff seeks damages for personal injury. Defendant has denied all allegations of wrongdoing.

Burton Hutchings died on October 22, 2006. On November 25, 2006, Defendant filed a Suggestion of Death pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, and properly served this pleading upon counsel for the Plaintiff. As of this filing, no motion to substitute has been filed on behalf of Mr. Hutchings.

II.   Argument: Rule 25(a)(1) Mandates the Dismissal of this Action Where No Timely Motion to Substitute Was Filed

Rule 25 of the Federal Rules of Civil Procedure entitled "Substitution of Parties" provides in pertinent part:

> **(a) Death**.
>
> (1) If a party and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. <u>Unless a motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.</u>

*See* Rule 25 (a)(1) (emphasis added). The requirements for timely filing a motion for substitution under this rule are strict. As noted in the Advisory Committee Notes concerning the 1963 amendments to Rule25(a)(1) (the most recent substantive amendments):

> Present Rule 25(a)(1), together with Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases (citations omitted).
> . . .
>
> The amended rule establishes a time limit for the motion to substitute not based upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e., service of a statement of the fact of death. . .

>A motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended. . .

*Id.*

In the present case, the ninety-day period for filing a motion for substitution or a motion for enlargement of time began to run on November 25, 2006, and expired on February 23, 2007. Given that no motion for substitution or for enlargement of time was filed within the prescribed period, this action must be dismissed in its entirety. *See Unicorn Tales, Inc. v. Banerjee* 138 F.3d 467, 470 (2d Cir. 1998).

For the foregoing reasons, Defendant, United States of America, respectfully requests that its motion to dismiss be granted.

    Respectfully submitted,

    DEFENDANT, UNITED STATES
    OF AMERICA

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    /s/
    LAUREN M. NASH, ct01705
    ASSISTANT U.S. ATTORNEY
    UNITED STATES ATTORNEY'S OFFICE
    157 CHURCH STREET
    NEW HAVEN, CT  06510
    Telephone: (203) 821-3700
    Facsimile:  (203) 773-5373
    E-mail: lauren.nash@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on March 8, 2007, a copy of foregoing Memorandum in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/
LAUREN M. NASH, ct01705
ASSISTANT U.S. ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
157 CHURCH STREET
NEW HAVEN, CT  06510
Telephone: (203) 821-3700
Facsimile:  (203) 773-5373
E-mail: lauren.nash@usdoj.gov