UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BURTON HUTCHINGS** | : | |
| | : | |
| Plaintiff, | : | C.A. NO. |
| | : | 3:01 - CV - 0540 (CFD) |
| vs. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | MARCH 13, 2007 |
| Defendant. | : | |

**MOTION FOR ENLARGEMENT OF TIME *NUNC PRO TUNC*
TO FILE MOTION FOR SUBSTITUTION OF PLAINTIFF ADMINISTRATRIX**

Pursuant to Fed. R. Civ. P. 7 and L.R. 7(b)(2) and (3), the undersigned, on behalf of Danielle Nordstrom, Administratrix of the Estate of Burton Hutchings, respectfully moves for an enlargement of time nunc pro tunc to file a motion to substitute party plaintiff pursuant to Fed. R. Civ. P. 25(a).

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671 et seq. for injuries sustained as a result of the Veterans Administration's failure to properly diagnose and treat the named Plaintiff, Burton Hutchings' prostrate cancer. On or about October 22, 2006, Hutchings died as a result of complications from treatment undertaken following the alleged medical malpractice which forms the basis of this action. Since Plaintiff's death, his daughter Danielle Nordstrom has been actively involved in administering the estate. By order dated December 27, 2006, Nordstrom

was appointed administratrix of the Hutching's estate pending furnishing of a $10,000 probate bond "as required by statute." A true and correct copy of the order appointing Nordstrom administratrix of the estate is attached as Exhibit "A".

Since January, 2007 Nordstrom has been in the process of obtaining the probate bond through a local insurance agency. She anticipates obtaining the bond within the next two (2) to three (3) weeks and will then qualify as administratrix pursuant to the terms of the Probate Court's order and state law. See Conn. Gen. Stat. §§ 45a-139 et seq., and § 45a-290(a). Once the bond is obtained, undersigned counsel intends to file a motion to substitute Nordstrom, as administratrix of the Estate of Burton Hutchings, for the deceased Plaintiff.

An application for the enlargement of time will be grated in the absence of bad faith on the part of the party seeking the relief, or prejudice to the adverse party. C. Wright, A. Miller, M. Kane, Federal Practice and Procedure, § 1165 (2d Ed. 1986). "Federal Rule 6(b) is a rule of general application giving discretion to the trial court to enlarge time limits either before or after they have expired." Wesolek v. Canadair Limited, 838 F.2d 55, 58 (2d Cir. 1988). The undersigned submits that good cause exists in the present case to enlarge the time in which to file a motion for substitution given the difficulties the Administratrix has experienced in procuring the required probate bond. Undersigned counsel has acted diligently to inform the Estate of the need for appointment of a representative by the probate court, the issuance of a fiduciary

bond, and substitution of the Adminstratrix for the named plaintiff. There has been absolutely no bad faith in the present case. Of equal importance no prejudice has accrued to Defendant in light of the short delay in substituting the Administratrix for the decedent. These facts militate strongly in favor of granting a brief enlargement of time to the Administratrix.

      The undersigned represents that he has conferred with Assistant United States Attorney Lauren Nash, who objects to the present motion. The undersigned has not previously requested an enlargement of time and believes that granting the present request will not interfere with the orderly progression of this case. Significantly, nearly all discovery has been completed in the matter and the case awaits assignment for trial to the Court.

WHEREFORE, for all the foregoing reasons the undersigned, on behalf of Danielle Nordstrom, Adminstratrix of the Estate of Burton Hutchings, requests an enlargement of time <u>nunc</u> <u>pro</u> <u>tunc</u> to file a motion to substitute party plaintiff pursuant to Fed. R. Civ. P. 25(a).

        DANIELLE NORDSTROM,
        ADMINISTRATRIX OF THE ESTATE
        OF BURTON HUTCHINGS


By:_____
    Ralph J. Monaco, Esq.
    CT-13306
    Patrick J. Day, Esq.
    CT-21858
    Of Conway & Londregan, P.C.
    38 Huntington St., P.O. Box 1351
    New London, CT 06320-1351
    860-447-3171 / FAX 860-444-6103
    His Attorneys

## **CERTIFICATION**

I hereby certify that on March 13, 2007, a copy of the foregoing Motion for Enlargement of Time <u>Nunc</u> <u>Pro</u> <u>Tunc</u> was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

Attorney Lauren Nash
Office of the U.S. Attorney
Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, CT  06508

_____
Patrick J. Day, Esq.

| DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL PC-260 REV. 10/05 | STATE OF CONNECTICUT COURT OF PROBATE | RECORDED: |
|---|---|---|

| COURT OF PROBATE, DISTRICT OF Montville | DISTRICT NO. 086 |
|---|---|

**ESTATE OF**

Burton Hutchings, Late of Montville   (06-00181)

| FIDUCIARY'S NAME AND ADDRESS | POSITION OF TRUST |
|---|---|
| Danielle Nordstrom, 24 Brookview Court, Noank, CT 06340 | Administratrix |

At a court of probate held at the place and time of hearing set by the Court, together with any continuances thereof, as of record appears, on the petitioner's application for letters of administration be granted on said estate, all as in said application more fully appears.

PRESENT: Hon. Ronald K. McDaniel, Jr., Judge

After due hearing, THE COURT FINDS that:

The above-named decedent died on the 22nd day of October, 2006, domiciled at the time of death at 42 Beechwood Road, Oakdale, CT 06370 and having estate whereof administration appertans to this Court, and administration of said estate ought to be granted.

All persons known to be interested in said proceedings have signed and filed in court a written waiver of notice of hearing on said application.

The fiduciary named above has accepted the position of trust designated above, and

Probate bond of the fiduciary as required by statute is fixed at $10,000.

And it is ORDERED AND DECREED that:

The said application is approved, administration of said estate is granted to the fiduciary named above, and letters of administration are hereby issued to said fiduciary.

And it is further ORDERED AND DECREED that:

Two months from the date hereof, be and the same is allowed said fiduciary within which to make a true and complete inventory of all property of the estate of said deceased.

Twelve months from the date hereof, be and the same is allowed said fiduciary within which to settle said estate.

All claims against the above estate be presented pursuant to the provisions of C.G.S. Ch. 802b, Part VII.

*Notice of this decree be given by the judge, clerk, or assistant clerk by regular mail, not more than TEN days from the date hereof.*

Dated at Uncasville, Connecticut, this 27th day of December, 2006.

Ronald K. McDaniel, Jr., Judge

As used in this decree, the word fiduciary includes the plural, where the context so requires.

DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL
PC-260