**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BURTON HUTCHINGS** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **3:01 - CV - 0540 (CFD)** |
| **vs.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **MARCH 13, 2007** |
| **Defendant.** | : | |

**OBJECTION TO DEFENDANT'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 25(a)**

The undersigned, on behalf of Danielle Nordstrom, Administratrix of the Estate of

Burton Hutchings, respectfully objects to the motion to dismiss, dated March 8, 2007,

filed by Defendant United State of America. Dismissal is completely unwarranted in the

present case.  On or about October 22, 2006 Plaintiff Burton Hutchings died as a result

of complications from treatment undertaken following the Defendant's medical

malpractice which forms the basis of the instant action. Since Plaintiff's death, his

daughter Danielle Nordstrom has been actively involved in administering the estate. By

order dated December 27, 2006, Nordstrom was appointed administratrix of the

Hutching's estate pending furnishing of a probate bond "as required by statute is fixed at

$10,000 "as required by statute". A true and correct copy of the order appointing

Nordstrom administratrix of the estate is attached as Exhibit "A".

Since January, 2007 however, Nordstrom has been in the process of obtaining the probate bond through a local insurance agency. She anticipates obtaining the bond within the next two (2) to three (3) weeks and will then qualify as administratrix pursuant to the terms of the Probate Court's order and state law. See Conn. Gen. Stat. §§ 45a-139 et seq., 45a-290(a). Once the bond is obtained, undersigned counsel intends to file a motion to substitute Nordstrom, as administratrix of the Estate of Burton Hutchings. Simultaneous with this objection, pursuant to Fed. R. Civ. P. 6(b) and L.R. 7(b)(2) and (3), counsel is filing a motion to enlarge time nunc pro tunc in which to file a motion to substitute the Administratrix as the proper party plaintiff under Fed. R. Civ. P. 25(a).

Contrary to the Defendant's assertions in its motion to dismiss, and supporting memorandum of law, the ninety (90) day rule set forth in Fed. R. Civ. P. 25(a) is not inflexible and should not be applied to terminate meritorious actions. In Kernisant v. City of New York, 225 F.R.D. 422 (E.D.N.Y. 2005), the District Court denied a motion to dismiss under similar circumstances where the plaintiff failed to file a motion to substitute the representative of the estate until more than one year after the suggestion of death upon the record.

The failure to file a motion for substitution within ninety days "does not automatically mandate dismissal of the action as to the deceased party, despite Rule 25's 'use of the word 'shall', where the motion is made after the prescribed period.'" (citations omitted) Id. at 427; C. Wright, A. Miller, M. Kane Federal Practice and

Procedure, § 1955 (2d Ed. 1986). A district court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b). See e.g., Tatterson v. Koppers Co., 104 F.R.D. 19 (W.D. Pa. 1984) (granting a motion for enlargement of time to substitute the executor in face of motion to dismiss made more than six months after a suggestion of death on the record where no bad faith was demonstrated by defendant.) Indeed, even the case law cited by Defendant, Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467 (2d Cir. 1998), emphasized the purpose and flexible nature of the substitution remedy provided in Fed. R. Civ. P. 25(a).

"Federal Rule 6(b) is a rule of general application giving discretion to the trial court to enlarge time limits either before or after they have expired." Wesolek v. Canadair Limited, 838 F.2d 55, 58 (2d Cir. 1988). The undersigned submits that good cause exists in the present case to enlarge the time in which to file a motion for substitution given the difficulties the Administratrix has experienced in procuring the required probate bond.

WHEREFORE, for all the foregoing reasons Danielle Nordstrom, Adminstratrix of the Estate of Burton Hutchings, objects to dismissal of this action.

DANIELLE NORDSTROM,
ADMINISTRATRIX OF THE ESTATE
OF BURTON HUTCHINGS

By:_____
    Ralph J. Monaco, Esq.
    CT-13306
    Patrick J. Day, Esq.
    CT-21858
    Of Conway & Londregan, P.C.
    38 Huntington St., P.O. Box 1351
    New London, CT  06320-1351
    860-447-3171 / FAX 860-444-6103
    His Attorneys

**CERTIFICATION**

I hereby certify that on March 13, 2007, a copy of the foregoing Objection to Motion to Dismiss was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

Attorney Lauren Nash
Office of the U.S. Attorney
Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, CT  06508

_____
Patrick J. Day, Esq.

DECREE GRANTING
ADMINISTRATION OR
PROBATE OF WILL
PC-260  REV. 10/05

RECORDED:

**STATE OF CONNECTICUT**

**COURT OF PROBATE**

| COURT OF PROBATE, DISTRICT OF Montville | DISTRICT NO. 086 |
|---|---|

ESTATE OF

Burton Hutchings, Late of Montville  (06-00181)

| FIDUCIARY'S NAME AND ADDRESS | POSITION OF TRUST |
|---|---|
| Danielle Nordstrom, 24 Brookview Court, Noank, CT 06340 | Administratrix |

At a court of probate held at the place and time of hearing set by the Court, together with any continuances thereof, as of record appears, on the petitioner's application for letters of administration be granted on said estate, all as in said application more fully appears.

PRESENT: Hon. Ronald K. McDaniel, Jr., Judge

After due hearing, THE COURT FINDS that:

The above-named decedent died on the 22nd day of October, 2006, domiciled at the time of death at 42 Beechwood Road, Oakdale, CT 06370 and having estate whereof administration appertains to this Court, and administration of said estate ought to be granted.

All persons known to be interested in said proceedings have signed and filed in court a written waiver of notice of hearing on said application.

The fiduciary named above has accepted the position of trust designated above, and

Probate bond of the fiduciary as required by statute is fixed at $10,000.

And it is ORDERED AND DECREED that:

The said application is approved, administration of said estate is granted to the fiduciary named above, and letters of administration are hereby issued to said fiduciary.

And it is further ORDERED AND DECREED that:

Two months from the date hereof, be and the same is allowed said fiduciary within which to make a true and complete inventory of all property of the estate of said deceased.

Twelve months from the date hereof, be and the same is allowed said fiduciary within which to settle said estate.

All claims against the above estate be presented pursuant to the provisions of C.G.S. Ch. 802b, Part VII.

*Notice of this decree be given by the judge, clerk, or assistant clerk by regular mail, not more than TEN days from the date hereof.*

Dated at Uncasville, Connecticut, this 27th day of December, 2006.

........................................................................
Ronald K. McDaniel, Jr., Judge

As used in this decree, the word fiduciary includes the plural, where the context so requires.

DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL
PC-260